UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ERNEST AIKEN,                 :
                              :
            Petitioner,       :
                              :
      -against-               :
                              :
UNITED STATES OF AMERICA,     :
                              :
            Respondent.       :
------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 20, 2013
```

Nos. 12 Civ. 6120 (JFK)
     06 Cr. 479 (JFK)

**OPINION & ORDER**

**JOHN F. KEENAN, United States District Judge:**

     Before the Court is Petitioner Ernest Aiken's ("Aiken" or
"Petitioner") pro se motion to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255.  For the reasons that
follow, Petitioner's motion is denied.

## I.   Background

     On March 14, 2007, Petitioner pled guilty to three counts
of bank robbery, in violation of 18 U.S.C. § 2133(a).  At
sentencing, the applicable imprisonment range under the U.S.
Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was
determined to be 151 to 188 months, reflecting a total offense
level of 29 and a criminal history category of VI.  Contributing
to this Guidelines range was Aiken's status as a "career
offender" under U.S.S.G. § 4B1.1, which was conceded by the
defense at the sentencing hearing. (Sent. Tr. at 3:19-22; id. at
5:11-13.)  The Court ultimately sentenced Aiken to a prison term

of fifteen years. (Id. at 10:7–21.)  On January 8, 2009, the
Second Circuit affirmed the sentence as both substantively and
procedurally reasonable. See United States v. Aiken, No. 07-
3808-Cr, 2009 WL 39969 (Jan. 8, 2009).

Petitioner filed the instant § 2255 motion on August 6,
2012.  The basis for his motion is that the Supreme Court's
decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010),
as interpreted by the Fourth Circuit in United States v.
Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), constitutes a
change in law that invalidates his classification as a "career
offender" under the Guidelines.

## II.  Discussion

### A.  Legal Standard

Section 2255 allows a prisoner held in federal custody to
collaterally challenge his federal conviction or sentence. 28
U.S.C. § 2255(a).  To obtain relief under this provision, a
petitioner must establish "a constitutional error, a lack of
jurisdiction in the sentencing court, or an error of law or fact
that constitutes a 'fundamental defect which inherently results
in a complete miscarriage of justice.'" United States v. Bokun,
73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368
U.S. 424, 428 (1962)).  Because Petitioner is proceeding pro se,
his submissions will be "liberally construed in his favor,"

Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

Section 2255(f) sets forth the statute of limitations to file for relief.  A movant must file within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence. See § 2255(f). Here, Aiken's conviction became final on April 8, 2009 — one year after the Second Circuit's order became final, which was ninety days after it was issued.

In certain situations, petitioners are entitled to equitable tolling of the limitations deadline on a Section 2255 motion. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner must satisfy two elements to benefit from equitable tolling.  First, he must show that he exercised "reasonable diligence" during the limitations period, and second, that

"extraordinary circumstances" precluded him from timely filing. <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001).

## B.  Application

### 1.  Petitioner's Motion Is Untimely

Petitioner argues that his motion is timely either under § 2255(f)(3) or through equitable tolling.  He asserts that § 2255(f)(3) confers timeliness "if <u>Simmons</u> applies retroactively to this case." (ECF No. 3 at 3.[1])  He also states that he is entitled to equitable tolling because the Fourth Circuit's <u>Simmons</u> decision constitutes "extraordinary circumstances" by effecting a landmark change in law that applies to his case. (ECF No. 1 at 13.)  Construing Aiken's submissions liberally, the Court considers both arguments, but concludes that neither is meritorious.

First, section 2255(f)(3), which permits filing one year from "when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review," does not militate in Aiken's favor. Aiken signed his motion on August 2, 2012, and it was filed four

---

[1] Aiken apparently filed two memoranda of law on August 6, 2012.  One was attached to the motion, and is filed at ECF No. 1.  The other can be found at ECF No. 3.  Construing Aiken's <u>pro se</u> submissions liberally, the Court has accepted and considered both memoranda.  This opinion refers to them simply as ECF No. 1 and ECF No. 3 for clarity.

days later.  Carachuri was decided on June 14, 2010, more than
two years earlier.  Thus, even if Carachuri recognized a
retroactively applicable right, Petitioner's motion is untimely.
That Aiken filed within one year of the Fourth Circuit's Simmons
decision is of no moment, because § 2255(f)(3) "unequivocally
identifies one, and only one, date from which the 1-year
limitation period is measured:  'the date on which the right
asserted was initially recognized by the Supreme Court.'" Dodd
v. United States, 545 U.S. 353, 357 (2005) (considering and
rejecting the argument that the limitation period does not begin
to run until the asserted right is made retroactive); accord
Holman v. United States, 12 Civ. 986, 2013 WL 593778, at *4 (D.
Conn. Feb. 15, 2013) (holding that Section 2255(f)(3) does not
apply because petitioner did not file within a year of Carachuri
and because Simmons "is not a Supreme Court case and . . .
simply applied Carachuri beyond the immigration law context");
see also United States v. Odom, No. 08 Cr. 67, 2013 WL 2435915,
at *2 & nn.6-7 (D. Me. June 4, 2013).

    Nor does Simmons provide a basis for equitable tolling.
Courts of this circuit have repeatedly held that "the
unavailability of that helpful precedent is not an
'extraordinary circumstance,'" because that phrase is meant to
connote an event which actually prevents a petitioner from

filing his motion. Tellado v. United States, 799 F. Supp. 2d 156, 165-66 (S.D.N.Y. 2011); accord Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  Indeed, at least one such court has rejected the exact argument Aiken makes here, concluding that Simmons, which merely clarified North Carolina law after Carachuri, does not constitute an extraordinary circumstance. See Holman, 2013 WL 593778, at *4.  Accordingly, the Court concludes that Petitioner's motion is untimely, and must be dismissed.

**2.   Carachuri and Simmons Are Not Retroactively Applicable**

Although Aiken's motion must be dismissed under § 2255(f), the Court notes that even if Aiken had filed it within a year of Carachuri, it would fail because Carachuri does not announce a new right that is retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554, 557-60 (4th Cir. 2012); Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425, 427 (11th Cir. 2012).  Indeed, the Carachuri case bears little resemblance to Petitioner's.  The Supreme Court merely held that when a defendant in an immigration proceeding "has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been convicted under 8 U.S.C. § 1229b(a)(3) of a felony punishable as such under the Controlled Substances Act, 18

U.S.C. § 924(c)(2)." <u>Fields</u>, 484 F. App'x at 427 (quoting
<u>Carachuri</u>, 130 S. Ct. at 2589) (internal quotation marks and
alterations omitted).

In addition to the Fourth and Eleventh Circuits, several
district courts have concluded that <u>Carachuri</u> does not apply
retroactively. <u>See, e.g.</u>, <u>Nelson v. United States</u>, No. 12 Civ.
5265, 2013 WL 2182602, at *2–3 (D.N.J. May 20, 2013); <u>Bogardus
v. United States</u>, 2012 WL 292870, at *6 (S.D. Ga. Jan. 4, 2012)
(collecting cases and stating that "nearly every court to
consider whether <u>Carachuri</u> applies retroactively has concluded
that it does not"). Aiken offers no compelling reason to depart
from the prevailing view.

Nor does <u>Simmons</u> recognize such a retroactively applicable
right, as the Fourth Circuit has itself repeatedly stated. <u>See
United States v. Melvin</u>, 507 F. App'x 296, 297 (4th Cir. 2013)
(per curiam) (noting that <u>Carachuri</u> and <u>Simmons</u> "do not apply
retroactively to cases on collateral review"); <u>United States v.
Brown</u>, 501 F. App'x 227, 227 (4th Cir. 2012) (same); <u>Powell</u>, 691
F.3d at 557–60. <u>Simmons</u> applied <u>Carachuri</u> to North Carolina law
and held that that for a prior conviction to serve as a
predicate felony offense, it must have been punishable as to
that specific defendant for a term exceeding one year. <u>Simmons</u>,
349 F.3d at 243–47 (invalidating the petitioner's sentence

"[b]ecause the state sentencing court never made the recidivist finding necessary to expose Simmons to a higher sentence" under North Carolina's sentencing scheme).  In view of the Fourth Circuit's interpretation of its Simmons decision in Powell, district courts across the country have concluded that neither Simmons nor the combination of Simmons and Carachuri are retroactively applicable. See, e.g., Bowman v. United States, No. 12 Civ. 2249, 2013 WL 1914484, at *2 (D.S.C. May 8, 2013); Odom, 2013 WL 2435915, at *2 & n.7; Holman, 2013 WL 593778, at *4; Crawford v. United States, No. 12-1545, 2012 WL 5199167, at *6 (D.N.J. Oct. 19, 2012).  This Court joins in that conclusion.

### 3.   Petitioner's Motion Is Substantively Meritless

The Court finally notes that putting everything else aside, Aiken's position is meritless as a matter of substance. Throughout his papers, Aiken repeatedly states that his 1997 felony conviction[2] for attempted sale of a controlled substance is not a controlled substance offense under U.S.S.G. § 4B1.2(b) because "he could not have been sentenced to more than one year of imprisonment under New York State Sentencing Guidelines."

---

[2] As the Government points out, Aiken actually has two felony convictions for attempted criminal sale of a controlled substance, one based upon a July 28, 1995 arrest and another based upon a November 9, 1995 arrest.  He pled guilty to both offenses on February 19, 1997, and was sentenced to one year of imprisonment for each offense. (Gov. Opp. at 14–15 n.6.)

(ECF No. 1 at 18.)   This is an incorrect statement of the law.
Criminal sale of a controlled substance in the third degree is a
class B felony in New York, see N.Y. Penal Law § 110.05(4), and
attempt of a class B felony constitutes a class C felony, see
id. § 220.39.   At the time of Aiken's sentencing in New York
state court, a class C felony was punishable by a term of up to
fifteen years. See id. § 70.00(2)(c) (1996).   As Aiken points
out (Reply at 24-25), he was instead given an "alternative
definite sentence" pursuant to subdivision 4, which at the time
stated that where the sentence is for certain class C felonies

> and the court, having regard to the nature and
> circumstances of the crime and to the history and
> character of the defendant, is of the opinion that a
> sentence of imprisonment is necessary but that it
> would be unduly harsh to impose an indeterminate or
> determinate sentence, the court may impose a definite
> sentence of imprisonment and fix a term of one year or
> less.

Id. § 70.00(4).

The statutory language makes plain the flaw in Aiken's
position.   The Penal Law in 1997 imposed no "one year cap on
Aiken's sentence," as he claims (ECF No. 1 at 18); rather, it
prescribed a fifteen year maximum but afforded the sentencing
judge the discretion to impose a definite sentence of up to one
year.   This is unlike the scheme in North Carolina, which "does
not establish a guidelines system; rather, it mandates specific
sentences." Simmons, 649 F.3d at 244 (alterations omitted).

9

Whereas the sentencing judge in <u>Simmons</u> lacked the discretion to sentence the petitioner to more than one year, it is clear that Aiken's sentencing judge in 1997 had that discretion and simply chose to impose a lower sentence.  Aiken's conviction was therefore properly considered by the Probation Office and this Court when he was designated a career criminal for Guidelines purposes. <u>See</u> <u>Bogardus</u>, 2012 WL 292870, at *5 ("[N]owhere in <u>Carachuri</u> did the Supreme Court say that offenses for which the actual sentence imposed is for a term of one year or less are thereby rendered 'hypothetical,' or that they no longer qualify as federal felonies.")

### III. Conclusion

The Court has considered all of Petitioner's arguments and has determined that they are without merit.  There is no need for the requested evidentiary hearing, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).  Accordingly, Petitioner's motion to vacate, set aside or correct his sentence pursuant to § 2255 is denied.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the

purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:     New York, New York
           August 20, 2013

                                        John F. Keenan
                                 United States District Judge

11